NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BETTY L. MCDONALD,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3072

---

Petition for review of the Merit Systems Protection Board in case no. CH0831110436-I-1.

---

Decided: July 12, 2012

---

BETTY L. MCDONALD, Calumet Park, Illinois, pro se.

JOSEPH A. PIXLEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before BRYSON, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Betty McDonald appeals the Merit Systems Protection Board's ("Board") decision affirming the administrative judge's ("AJ") initial decision affirming the Office of Personnel Management's ("OPM") denial of Ms. McDonald's application for a survivor annuity benefit. We affirm the Board's decision because substantial evidence supports the Board's affirmance of the AJ's finding that Ms. McDonald's late husband did not elect a survivor benefit for Ms. McDonald.

I

Oliver McDonald retired from his position as a distribution clerk for the United States Postal Service in November 2001. He was not married at the time of his retirement. He married Betty McDonald in April 2003. He died in June 2009, survived by his wife.

When Mr. McDonald retired, he received a pension, which provided several options for disbursement. He chose an annuity payable only during his lifetime. During each year that he received his annuity, Mr. McDonald received a notice from OPM regarding survivor elections. The notice explained how to create a survivor annuity benefit for a spouse whom the annuitant married after retirement, and stated that this election was required to be made within two years of the date of marriage.[1] The

---

[1]    The process that Mr. McDonald was required to follow to create a survivor annuity benefit for Ms. McDonald was described in the notice:

2. Survivor Annuity Benefits for a Spouse You Marry After Retirement

AJ found that Mr. McDonald received this notice twice within two years after marrying Ms. McDonald—in December 2003 and again in December 2004—but that he did not elect to receive a reduced annuity to provide Ms. McDonald with a survivor annuity benefit.

After Mr. McDonald's death in July 2009, Ms. McDonald applied for a survivor annuity benefit. OPM denied her application, finding that Mr. McDonald did not elect a survivor benefit. Ms. McDonald requested that OPM reconsider its decision, but OPM denied this request. Ms. McDonald appealed this denial to the Board in March 2011. On appeal to the Board, she did not contest OPM's finding that Mr. McDonald did not elect a survivor annuity benefit. Rather, she argued that the agency should have been more sympathetic because "I was never aware that my late husband did not report our marriage until his death." The AJ found that Mr. McDonald was

*Eligibility and Time Limits* – You are eligible to elect a reduced annuity to provide a survivor annuity benefit for a spouse you married after retirement if you send a signed request to OPM within 2 years after the date of your marriage. With some exceptions retirees may also make this election within 2 years after a former spouse loses entitlement to a survivor annuity benefit; we will notify you if any exceptions apply in your situation.

. . .

*How to Make an Election* – Call or write to OPM at the address on this notice within the two-year time limit, state the election you want to make, include proof of your marriage, and sign your request. We will send you detailed information about the effect of the election, the exact amount of your annuity if you decide to make the election and an election form to sign and return to us if you want to take this action.

bound by the filing deadline if he received adequate notice of the deadline, and that the annual notices sent by OPM constituted adequate notice. The AJ explained that the statutory deadline could not be waived on equitable grounds and affirmed OPM's decision: "Although Ms. McDonald's situation is unfortunate, there is no relief the Board can offer her. Oliver McDonald simply failed to make a timely election to provide for survivor benefits within two years after their marriage."

The Board affirmed the AJ's initial decision, finding no new evidence or legal error. The Board also noted that Ms. McDonald submitted a blank appeal form. Ms. McDonald now appeals to this court.

## II

Our standard of review in an appeal from a Board decision is limited by statute. We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006).

In her informal brief, Ms. McDonald argues that the Board failed to take into account her marriage to Mr. McDonald and that the Board's decision should be reversed on equitable grounds. The Board recognized that Ms. McDonald was married to Mr. McDonald. Their marriage alone, however, is insufficient to provide Ms. McDonald a survivor annuity benefit. The Board correctly explained that such annuities are governed by 5 U.S.C. § 8339, which requires an annuitant, who is unmarried at the time of retirement and then marries after retirement, to elect to create a survivor annuity benefit within two years of the date of the marriage in order to

provide his spouse with such a benefit.[2]  5 U.S.C. § 8339(k)(2) (2006).  Because it is undisputed that Mr. McDonald did not elect to do so, substantial evidence supports the Board's affirmance of the AJ's conclusion that Ms. McDonald is not entitled to a survivor annuity benefit.

The Board recognized an exception to this deadline: when OPM does not notify the annuitant of his election rights.  *Schoemakers v. Office of Pers. Mgmt.*, 180 F.3d 1377, 1380 (Fed. Cir. 1999).  Ms. McDonald, however, does not dispute that OPM notified Mr. McDonald of his election rights twice between his marriage to Ms. McDonald and the two-year deadline.  Mr. McDonald did not merely miss the deadline in electing to create a survivor annuity benefit; he did not elect to create a survivor benefit at all.

The Board also correctly held that it could not reverse OPM's decision and provide Ms. McDonald with an annuity on equitable grounds.  The deadline provided in § 8339(k)(2) cannot be waived.  *Schoemakers*, 180 F.3d at 1382 ("Neither courts nor administrative agencies, however, have the authority to waive requirements (including

---

[2]  "An employee or Member, who is unmarried at the time of retiring under a provision of law which permits election of a reduced annuity with a survivor annuity payable to such employee or Member's spouse and who later marries, may irrevocably elect, in a signed writing received in the Office within 2 years after such employee or Member marries or, if later, within 2 years after the death or remarriage of any former spouse of such employee or Member who was entitled to a survivor annuity under section 8341(h) of this title (or of the last such surviving former spouse, if there was more than one), a reduction in the retired employee or Member's current annuity as provided in subsection (j) of this section."  5 U.S.C. § 8339(k)(2)(A) (2006).

filing deadlines) that Congress has imposed as a condition to the payment of federal money."). Any payment of money from the Treasury must be authorized by statute. *Office of Pers. Mgmt. v. Richmond,* 496 U.S. 414, 424 (1990). Mr. McDonald did not satisfy the statutory deadline for creating a survivor annuity benefit. OPM had no authority to grant Ms. McDonald such a benefit and, therefore, correctly denied her request.

For the foregoing reasons, we find that the Board's decision is in accordance with the law and supported by substantial evidence. The Board's decision is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.